**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Civil Action No. 26-cv-3371-RMR

ALVA IRIS GARCIA ATRIAN,

      Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of the Denver Contract Detention Facility, Aurora, Colorado,
GEORGE VALDEZ, in his official capacity as Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement,
MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security,
DAVID VENTURELLA, in his official capacity as Acting Director of Immigration and Customs Enforcement,
TODD BLANCHE, in his official capacity as Attorney General of the United States,

      Respondents.

---

## ORDER

---

Petitioner Alva Iris Garcia Atrian ("Petitioner" or "Ms. Garcia Atrian") is a 56-year-old citizen of Mexico who entered the United States on a border-crossing visa in 1994. ECF No. 1 ¶ 24. She overstayed the time period afforded by that lawful entry and was apprehended by the Immigration and Naturalization Services ("INS") during an airport raid conducted in the aftermath of the terrorist attacks of September 11, 2001. *Id.* Petitioner was released from INS custody on $10,000 bond and removal proceedings were initiated against her. *Id.* ¶ 25. In 2004, she accepted Voluntary Departure from the Denver Immigration Court. *Id.*

On July 3, 2026, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") at the Denver International Airport as she attempted to board a domestic flight. *Id.* ¶ 26. She was taken into custody but was not told the reason nor given documents regarding her detention. *Id.*

Petitioner filed the instant Verified Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1,[1] seeking immediate release. *Id.* at 22. The relief requested by Petitioner and the legal claims and arguments upon which it's premised, are familiar to the Court and the parties. Petitioner contends that she is being improperly detained under 8 U.S.C. § 1231(a). Respondents state they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." ECF No. 7 at 1. They submit that if the Court grants the Petition, "the appropriate relief would be an order directing Petitioner's release on conditions to be set by the Department of Homeland Security ("DHS"). *Id.* at 2. Given this response, the Court indeed finds Petitioner's release appropriate. However, any release conditions to be set by DHS must be limited to those outlined in 8 U.S.C. § 1231(a)(3)—"(A) to appear before an immigration officer periodically for identification; (B) to submit, if necessary, to a medical and psychiatric examination at the expense of the United States Government; (C) to give information under oath about the alien's nationality, circumstances, habits, associations, and activities, and other information the Attorney General considers appropriate; and (D) to

---

[1] Petitioner also filed a Motion for Temporary Restraining Order and/or Preliminary Injunction. ECF No. 2. Respondents filed a Response to the Petitioner. ECF No. 7.

2

obey reasonable written restrictions on the alien's conduct or activities that the Attorney General prescribes for the alien."

## CONCLUSION

For the reasons set forth above, IT IS ORDERED that:

1. The Verified Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**;

2. Respondents shall release Petitioner from custody **IMMEDIATELY**, but no later than within **24 HOURS** of this Order and may impose reasonable conditions of release or supervision as outlined in this Order;

3. Respondents shall file a status report within **48 HOURS** of this Order to certify compliance;

4. Respondents are further **ENJOINED AND RESTRAINED** from re-detaining Petitioner absent providing Petitioner with written notice and a hearing prior to re-detention at which Respondents bear the burden of proof by clear and convincing evidence that Petitioner's re-detention is warranted; and

5. Petitioner's Motion for Temporary Restraining Order and/or Preliminary Injunction, ECF No. 2, which seeks the same relief as the Petition, is **DENIED AS MOOT**.

DATED: August 4, 2026

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge

3